## THAYER v. BUTLER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.

No. 300. Argued March 23, 24, 1891. — Decided May 25, 1891.

*Pacific National Bank v. Eaton, ante,* 227, affirmed and applied.

THE case is stated in the opinion.

*Mr. J. H. Benton, Jr.,* for plaintiff in error.

*Mr. A. A. Ranney* for defendant in error.

MR. JUSTICE BRADLEY delivered the opinion of the court.

This is an action brought by the receiver of the Pacific National Bank of Boston against George L. Thayer, trustee, to recover one hundred per cent of the amount of his capital stock in said bank upon his individual liability as a stockholder under section 5151 of the Revised Statutes. The amount sued for was $8000 (with the interest thereon), being $4000, the amount of forty shares of stock held by him, as trustee, prior to September, 1881, and $4000 for new stock subscribed for and taken by him, as alleged by the plaintiff, in September, 1881, as and for his, the said Thayer's share and proportion of the new stock issued at that time, as shown in the preceding case just decided, and in the case of *Delano* v. *Butler* and *Aspinwall* v. *Butler*, there referred to. His liability to pay the $4000 upon the original stock was not disputed, and judgment for that amount, with interest, was rendered by consent. But Thayer denied any liability by reason of the new stock, denying that it was his stock, and claiming a set-off for the money ($4000) which it was conceded he had paid therefor, on the ground that he only paid for stock which was to form part of an increased capital of $500,000, and no such increase was ever made. The case is in all respects similar to that of *Pacific National Bank* v. *Mary J. Eaton, ante,* 227, just decided.

A jury being waived, the cause was tried by the court upon an agreed statement of facts; in addition to which the plaintiff (below) produced the testimony of Mr. Thayer himself, giving the particulars of his acts in relation to the new stock, which elicited nothing important, and which the court disregarded in coming to its conclusion. The statement of facts contained the same facts which were received in evidence in the case of *Pacific National Bank* v. *Eaton, ante,* 227, just decided, and in addition thereto a list of payments on account of the new stock, with the date of each payment; a copy of the report of the bank examiner, Needham, dated November 18, 1881; a copy of minutes of meetings of the directors of the bank December 10, 1881, and December 14, 1881; copy of letters from the comptroller of the currency to the bank examiner,

December 13, 1881, and from the examiner to the comptroller, December 14, 1881; and minutes of directors' meeting January 2, 1882. This additional evidence had relation mostly to the voluntary assessment, and to the question of the resumption of business by the bank, and has no further effect upon the present controversy than as going to show, perhaps, good faith on the part of the directors of the bank. We do not think, however, that it alters the case in the slightest degree, so far as the question of the plaintiff in error's liability for the new stock is concerned.

It appears from the agreed statement of facts that, after the directors of the bank had voted, on the 13th of September, 1881, to increase the capital stock from $500,000 to $1,000,000, and notice to that effect had been sent out to the stockholders, giving to each a right to take the new stock at par in equal amounts to that then held by them, Thayer, the plaintiff in error, went to the bank and paid $4000 from the trust money in his hands, belonging to the same trust for which he already held the original forty shares, and received therefor a receipt, a copy of which is as follows:

"Pacific National Bank.

"$4000                             *Sep. 28.*

"Boston, *October 1st*, 1881.

"Received of Geo. L. Thayer, trustee, four thousand dollars on account of subscription to new stock.

"J. M. Pettengill, *Cashier.*"

He also, at the same time, acting for Mary J. Eaton (the defendant in error in the case just decided), who had forty shares of the capital stock of the bank, paid the same amount for her, and took a similar receipt to her.

As stated in the previous case, certificates for the new stock were made out in a book, with stubs to indicate their contents, and were delivered to the stockholders as they called for them. Such a certificate was made out for Mr. Thayer, but he never called for it, though he was registered in the stock book of

the bank as owner thereof. The entry in the stock book was, and yet is, as follows:

"Geo. L. Thayer, trustee, Boston.

| 1880. | | 1878. | | | | |
|---|---|---|---|---|---|---|
| Sep. 1. To 40 shares, 40 | 4,000 | Jan. 16. | By 40 shares, 40 | | | 4,000 |
| | | 1880. | | | | |
| | | Jan. 1. | " 40 | do. | 40 | 4,000 |
| | | 1881. | | | | |
| | | Oct. 1. | " 40 | do. | 40 | 4,000 " |

The accounts with other shareholders were similar in form to this, and the bank kept no other list of the names and residences of its shareholders and the number of shares held by each. At what time the certificates or the entries in the stock book were made does not appear except by the books. Section 5210 of the Revised Statutes requires that "The president and cashier of every national banking association shall cause to be kept at all times a full and correct list of the names and residences of all the shareholders in the association, and the number of shares held by each, in the office where its business is transacted." And the statement of facts states that —

"The president and cashier of the bank began to issue certificates for stock in the proposed increase on October 1, 1881, and thereafter issued them from time to time as called for to those who had paid, and on November 18, 1881, certificates bearing date Oct. 1, 1881, representing all but three hundred and fifty-four shares of the $461,370, had been thus delivered and the shares credited to the accounts of the respective parties on or as of October 1, 1881, on the stock ledger of the bank."

We think it is sufficiently manifest that the certificates were made out, and that the entry was made in the stock book before the failure of the bank, and before the plaintiff in error had signified to any officer of the bank his dissatisfaction at what he had done in the matter of subscribing for the new stock.

The final disposition of the case is shown by the following extract from the record:

"The defendant objected to the evidence embraced in the

,agreed statement of facts that his name was without his knowledge placed upon the stock ledger, and that the certificate was made in his name without his knowledge as owner of forty shares of the so-called new stock, and also objected to the evidence of the correspondence between the bank examiner and comptroller, and reports of the bank examiner to the comptroller, and to the evidence of the proceedings at the annual meeting on January 10, 1882, and to evidence of all other proceedings subsequent to the demand made by the defendant for the return of the money paid September 28, and asked the court to rule that none of these matters were competent evidence against him ; and also to rule that he was not bound by the entries made upon the books of the corporation, of which he had no actual knowledge.   He also objected to evidence showing that certificates were issued purporting to represent stock in the proposed increase before the failure of the bank, on November 18, 1881; and asked the court to rule that that fact was not competent as against him.   He also asked the court to rule and hold the law as stated in the opinion of the Supreme Court of Massachusetts in *Eaton* v. *Pacific National Bank*, reported in 144 Mass. Supreme Court Reports, page 260, and to rule and hold that the vote of the directors of September 13, 1881, was in the nature of a proposition to stockholders to subscribe for 5000 shares of new stock and to pay in for it $500,000 ; that it was necessary that the stock should all be taken and the money all paid in before the new stock could be created ; and that it was a condition precedent to the issue of the new stock under this vote that both these things should be done, and that the comptroller should certify that they had been done, and approve of the increase ; and that the defendant paid the money to the bank on September 28, 1881, upon the implied condition that he should not be required to take new stock unless the proposed amount of 5000 shares were created, and that as this was not done the defendant did not become a shareholder in respect of the forty shares for which he paid September 28, 1881, and for the assessment upon which the plaintiff seeks to recover.

"The defendant also requested the court to hold and rule

that the vote of the directors of December 13, 1881, was in law an abandonment of the proposed increase of 5000 shares and the authorization of an increase by the issue of 4613 shares, and that the act of the directors in including the amount the defendant had paid in to increase the capital by the issue of 5000 shares in the amount necessary to increase the capital by 4613 shares did not affect the defendant's legal relations with the bank and make him a shareholder in the increase of 4613 shares.

" The defendant also requested the court to find and rule upon the whole case that he was liable to pay an assessment only upon the forty shares of original stock held by him in the bank, and was not liable to pay the assessment claimed on the forty shares of alleged new stock placed in his name, as set forth in the admitted facts.

" The court declined to rule and find as thus requested, but did find and rule upon the facts agreed by the parties and found by the court as facts, as hereinabove set forth, ' as a conclusion of law based upon the admitted facts, without reference to the testimony of Thayer that the stock of the bank was lawfully increased from $500,000 to $961,300, and that all the proceedings resulting in such increase were valid and binding on the defendant, and that by virtue of his payment of $4000, on September 28, 1881, he became a holder of forty shares in the new stock, and that he was therefore liable to assessment upon those shares as well as upon the forty shares originally held by him, and ordered judgment for the plaintiff for the amount of the assessment on 80 shares of stock.' "

As the case is in all essential respects like that of *Pacific National Bank* v. *Eaton, ante,* 227, just decided, and as we fully expressed our views upon the questions at issue in that case, it is unnecessary for us to repeat what was there said. We are of opinion that the decision of the Circuit Court was correct, and that there is no error in the record.

The judgment is, therefore,

*Affirmed.*